UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JANE DOE,

    Plaintiff,

v.

BOLLORE LOGISTICS USA, INC., a
Foreign corporation for profit; ADONIS
FERNANDEZ, an individual,

    Defendants.
_____/

### **DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL**

Defendant, BOLLORE LOGISTICS USA, INC., ("Defendant"), by and through its undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure and 28 U.S.C. §§ 1331, 1441, and 1446, hereby files this Notice of and Petition for Removal (the "Notice"). Defendant requests that the Court remove this action filed by Plaintiff, JANE DOE ("Plaintiff"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. The removal of this action is based on the Court's federal question jurisdiction.

### **GROUNDS FOR REMOVAL**

On or about April 21, 2022, Plaintiff filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, *Jane Doe v. Bollore Logistics USA, Inc., et al.* (the "Circuit Court case"). The Circuit Court case was assigned Case No. 2022-007395-CA-01. In her Complaint (attached hereto as **Composite Exhibit A, pp. 82-96**) Plaintiff alleged gender discrimination under the Florida Civil Rights Act ("FCRA") (Count I); hostile work environment

in violation of the FCRA (Count II); retaliation in violation of the FCRA (Count III); assault (Count IV); sexual battery (Count V); that Bollore was vicariously liable for the acts of the alleged harasser (Count VI); and negligent retention (Count VII).

On February 16, 2023, Plaintiff filed her motion to amend the complaint to include federal claims (in addition to the aforementioned state law claims) of gender discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") (Counts I-III of the Amended Complaint). See **Composite Exhibit A, pp. 99-117**. On February 27, 2023, the state court granted the Parties' proposed order allowing the amendment to Plaintiff's Complaint, and the Amended Complaint was considered filed as of that date. See **Exhibit B**, Order Granting Plaintiff's Motion to Amend the Complaint.

This Notice is therefore timely filed under 28 U.S.C. § 1446(b)(3), as it is being filed within thirty (30) days after Defendant received "a copy of an amended pleading, motion, order or other paper from which it [could first ascertain] that the case is one which … has become removable." More specifically, the case became removable on February 27, 2023, when the Plaintiff's motion to amend the complaint (alleging new federal claims) was granted and considered filed by the state court. See *Vazquez v. 4011 Prof'l Ctr. Condo, Inc.*, CASE NO: 07-21276-CIV-UNGARO, 2007 U.S. Dist. LEXIS 105215, *5 (S.D. Fla. July 27, 2007) (Ungaro, J., presiding) (holding the removal period was triggered as of the date court entered the order granting the plaintiff's motion to amend the complaint to include the federal claims); see *Sullivan v. Conway*, 157 F.3d 1092 (7th Cir. 1998) (holding that there is no basis for removal until the state court grants the motion to amend); see *Wood v. City of Lanett*, 564 F. Supp. 2d 1317, 1320 (M.D. Ala. 2008) (holding that the 30-day window for removal began on the date that the state court granted the plaintiff's motion to amend the complaint to assert federal violations); see *Jackson v. Bluecross & Blueshield of Ga.,*

*Inc.*, No. 4:08-CV-49 (CDL), 2008 U.S. Dist. LEXIS 91036, at *2-3, 6-8 (M.D. Ga. Nov. 10, 2008) (defendant's removal of case from state to federal court premature where state court had not yet ruled on plaintiff's motion to amend the complaint to assert the federal claim).

In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached hereto as **Composite Exhibit A**.  Moreover, because Plaintiff alleges claims under Title VII, this action is within the original federal question jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331.  Thus, this action is removable pursuant to 28 U.S.C. § 1441(a).

Additionally, Plaintiff's Florida statutory claims for discrimination, hostile work environment, and retaliation under the FCRA as well as Plaintiff's Florida common law claims of assault, sexual battery, vicarious liability, and negligent retention fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the allegations in support of the aforementioned claims stem from the same set of facts, and form part of the same case or controversy, as Plaintiff's Title VII claims.

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the removal to all adverse parties in this action and file a copy of this Notice with the Circuit Court in and for Miami-Dade County, Florida. Further, the United States District Court for the Southern District of Florida, Miami Division, includes the judicial county in which Plaintiff filed her Amended Complaint.  Thus, removal to this Court is proper.

## **CONCLUSION**

In conclusion, this Court has (original) federal question jurisdiction in this action because Plaintiff alleges in her Amended Complaint that Defendant violated Title VII.  This Court also has supplemental jurisdiction over Plaintiff's FCRA and Florida common law claims pursuant to 28

U.S.C. § 1367, as the allegations in support of those claims stem from the same set of facts, and form the same case or controversy, as Plaintiff's Title VII claims.

WHEREFORE, Defendant, BOLLORE LOGISTICS USA, INC., respectfully requests that the United States District Court for the Southern District of Florida accept the removal of this action from the Circuit Court in and for Miami-Dade County, Florida and direct that the Circuit Court has no further jurisdiction of this matter unless this case is remanded.

Dated:  March 28, 2023.

                          Respectfully submitted,

                          *s/ Brandon U. Campbell*
                          Pedro J. Torres-Díaz, Esq.
                          Florida Bar No. 19327
                          Email: *pedro.torres-diaz@jacksonlewis.com*
                          Brandon U. Campbell, Esq.
                          Florida Bar No. 112853
                          Email: *brandon.campbell@jacksonlewis.com*
                          JACKSON LEWIS P.C.
                          One Biscayne Tower, Suite 3500
                          2 South Biscayne Boulevard
                          Miami, Florida 33131
                          Telephone: (305) 577-7600
                          Facsimile: (305) 373-4466

                          *Counsel for Defendant, Bollore Logistics USA, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 28, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

                          *s/ Brandon U. Campbell*
                          Brandon U. Campbell, Esq.

## **SERVICE LIST**

*Jane Doe v. Bollore Logistics USA, Inc. and Adonis Fernandez*
*Case No. _____*

H. Clay Roberts, Esq.
Florida Bar No. 262307
Javier A. Basnuevo, Esq.
Florida Bar No. 100509
Roberts & Basnuevo, P.A.
113 Almeria Avenue
Coral Gables, Florida 33134
Telephone: (305) 442-1700
Facsimile: (305) 442-2559
Email:  *roberts@robertspa.com*
*basnuevo@robertspa.com*

*Counsel for Plaintiff*

Pedro J. Torres-Díaz, Esq.
Florida Bar No. 19327
Email: *pedro.torres-diaz@jacksonlewis.com*
Brandon U. Campbell, Esq.
Florida Bar No. 112853
Email: *brandon.campbell@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

*Counsel for Defendant, Bollore Logistics USA, Inc.*

4885-5151-4709, v. 2