# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2022-007395-CA-01

JANE DOE,

      Plaintiff,

v.

BOLLORE LOGISTICS USA, INC., a
Foreign corporation for profit; ADONIS
FERNANDEZ, an individual,

      Defendants.

_____/

### DECLARATION OF CLAIRE ROUSSIE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

I, CLAIRE ROUSSIE, declare and state as follows:

1.       I am the Human Resources Manager for Defendant Bollore Logistics USA, Inc. ("Bollore" or "Defendant"). I have been employed by Bollore as Human Resources Manager since April 2021 and have worked in Bollore's Human Resources Department since February 2019. I make this declaration in support of Bollore's Motion to Compel Arbitration and Stay Proceedings. Except as otherwise indicated, I have personal knowledge of the facts set forth in this declaration and, if called upon to do so, could and would testify as follows:

2.       In my capacity as Human Resources Manager for Bollore, and during the ordinary course of business, I am aware of Bollore's general business and the geographical scope of its operations. I also have access to data and files, including personnel files, regarding current and former Bollore employees.

3.       Bollore is a national logistics and distribution company that transports goods and services the supply chain needs of its customers throughout the United States. Bollore has offices

in 18 cities across the country and transports goods to and on behalf of its customers by land, sea, and air across state lines.

4.      Based on my review of the personnel files of Plaintiff, I am informed and believe, and on that basis testify, that Plaintiff began working with Bollore as a Picker/Packer on or around June 1, 2017.

5.      Plaintiff's personnel file includes the Employee's Agreement Not to Disclose Corporate Confidential Information (the "Agreement') that Plaintiff signed on or around June 1, 2017.   Bollore's arbitration provision is contained within paragraph 9 of the Agreement (the "Arbitration provision").   The Agreement is attached hereto as **Exhibit 1**.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed this _2k̄t_ day of July, 2022, in Houston, Texas.

CLAIRE ROUSSIE
HUMAN RESOURCES MANAGER USA

4884-2924-7016, v. 1

# EXHIBIT "1"



## EMPLOYEE'S AGREEMENT
## NOT TO DISCLOSE CORPORATE CONFIDENTIAL INFORMATION

### INTRODUCTION

Agreement made this <u>1st</u> day of <u>June</u> 2017 between Bollore Logistics., a New York Corporation, having it's principal place of business at 150-10 132nd Avenue, Jamaica, NY  11434 (hereinafter referred to as Bollore Logistics) and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ an employee of Bollore Logistcis residing at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (hereinafter referred to as the employee).

### WITNESSETH

**WHEREAS** certain papers, lists, and documents relate directly to the activity of **BOLLORE LOGISITCS,** or its clients, customers or vendors,

**WHEREAS** those items used in **BOLLORE LOGISITCS** are secret, confidential, unique, and valuable,

**WHEREAS** those items were developed by **BOLLORE LOGISITCS** at great cost and over a long period of time,

**WHEREAS** disclosure of any items to anyone other than **BOLLORE LOGISITCS 's** officers, agent, or authorized employees will cause **BOLLORE LOGISITCS** irreparable injury,

**WHEREAS BOLLORE LOGISITCS** desires to appoint the **employee** as <u>Picker/Packer</u> ,

**WHEREAS** the **employee** owes loyalty and allegiance to **BOLLORE LOGISITCS**,

**WHEREAS** this loyalty is undivided and the allegiance is influenced in action by no consideration other than the welfare of the corporation,

**NOW THEREFORE** in consideration of the **employee's** employment by **BOLLORE LOGISITCS**, **employee** agrees to the following terms and conditions:

### 1. BASIC TERMS

    a.  During the term of this agreement, employee shall devote his/her time and efforts exclusively to the business and affairs of BOLLORE LOGISITCS and do his/her utmost to promote its interest. He/she shall not, directly or indirectly, own manage, operate, join, control, be employed by, or participate in the ownership, management, operation, or control of, or be connected in any manner with, any business which is competitive to the businesses selling to or doing business with BOLLORE LOGISITCS or it's subsidiaries or any affiliated company.

    b.  The employee may not profit at the expense of BOLLORE LOGISITCS or act in conflict with its rights and interests.

    c.  The employee may not for personal gain divert himself the opportunities which in equity and fairness belong to BOLLORE LOGISITCS.

    d.  The employee must, of course, act honestly and in good faith. He/She must not usurp a corporate opportunity or authorize some corporate transaction which conflicts with the corporation's rights.

    e.  During the course of his/her employment with BOLLORE LOGISITCS, the employee must not use corporate personnel, facilities, or funds for his/her own business; must not disclose secrets of



BOLLORE LOGISITCS to others, lure away corporate business or personnel, or receive, unknown to his/her corporation, commissions on corporate transactions.

f.   Employee understands and agrees that it is the policy of BOLLORE LOGISITCS to prohibit participation in the payment, solicitation, or receipt of any rebate, directly or indirectly, which is unlawful under the provisions of the Shipping Act of 1984, as amended.

## 2. ACKNOWLEDGMENT THAT CERTAIN PAPERS ARE SECRET

Certain papers, lists, and documents that relate to the activity of **BOLLORE LOGISITCS** are secret, confidential, unique, and valuable.  The following items are confidential:

a.   Customer lists, call lists, and other confidential customer data;
b.   Memoranda, notes, records, correspondence, and other confidential technical data;
c.   Rates and tariffs;
d.   Confidential sales, research, historical and development data;
e.   Personal employee data, including, but not limited to, salary or wage information; salary or wage increases; bonuses;
f.   Any other document of or pertaining to **BOLLORE LOGISITCS** that contains information not generally and lawfully known by the public.

## 3. AGREEMENT NOT TO DISCLOSE INFORMATION

Employee will not disclose to anyone, other than BOLLORE LOGISITCS's officers, agents, or authorized employees, unless otherwise directed in writing by BOLLORE LOGISITCS's managers, any items listed in paragraph 2, or any of BOLLORE LOGISITCS's other confidential information or secrets, developed either before or after the date of this agreement.

## 4. INFORMATION DEVELOPED BY EMPLOYEE

The restrictions contained in the agreement include confidential information developed while employed at BOLLORE LOGISITCS.  These restrictions are waived for any invention developed by an employee on his/her own time without using BOLLORE LOGISITCS's resources.

## 5. AGREEMENT BINDING AFTER EMPLOYMENT ENDS

This agreement shall not terminate upon termination of the employee's employment.  Its terms and conditions shall be binding upon employee for 12 months following the termination of the employee's employment, regardless of the reason for such termination.

## 6. RETURN OF SECRET AND CONFIDENTIAL MATERIAL UPON TERMINATION OF  EMPLOYMENT

Upon termination of employee's employment for any reason (or at any other time, as requested), employee at once will return to **BOLLORE LOGISITCS** all of **BOLLORE LOGISITCS 's** secret and confidential material that is in the employee's possession or control.

## 7. AGREEMENT TO BENEFIT EMPLOYER'S SUCCESSORS, ASSIGNS, AFFILIATES, AND SUBSIDIARIES.

This agreement shall inure to the benefit of employer and employer's subsidiaries, affiliates, successors, and assigns.

## 8. GOVERNING LAW AND VENUE



This Agreement shall be construed and enforced in accordance with and governed by the laws of the State of New York and may be enforced in any court of competent jurisdiction.

## 9.   ARBITRATION

Except as otherwise provided in this Agreement, any controversy or claim arising out of Employee's employment with **BOLLORE LOGISITCS** or the termination thereof, including without limitation any claim related to this Agreement or the breach thereof, shall be resolved by binding arbitration in accordance with the rules then in effect of the American Arbitration Association, at the office of the American Arbitration Association nearest to where the Employee performed the Employee's principal duties for **BOLLORE LOGISITCS**. Nothing in this paragraph shall prevent the parties from seeking injunctive relief from the courts pending arbitration. Each party shall be permitted to engage in arbitral discovery in the form of document production, information requests, interrogatories, depositions and subpoenas. The parties shall share equally the fee of the arbitration panel.

To the extent that a arbitrator or court shall find that any dispute between the parties, including any claim made under or relating to this Agreement, is not subject to arbitration, such claim shall be decided by the courts of the State and the County, in which this agreement was executed, in a proceeding held before a Judge of the Trial Court of the State and County in which this agreement was executed or in the United States District Court in and for the District Court covering the County in which this agreement was executed. Any trial of such a claim shall be heard by the Judge of such Court, sitting without a jury at a bench trial, to ensure more rapid adjudication of that claim and application of existing law.

## 10.   ATTORNEYS' FEES

If any party to this Agreement breaches any of the Agreement's terms, then that party shall pay to the non-defaulting party all of the non-defaulting party's costs and expenses, including reasonable attorneys' fees, incurred by that party in enforcing this Agreement.

## 11.   SEVERABILITY

In the event that any one or more provisions of this agreement shall be declared to be illegal or unenforceable under any law, rule or regulation of any law, rule or regulation of any government having jurisdiction over the Parties hereto, such illegality or unenforceability of the other provisions hereof, which shall remain in full force and effect.

## 12.   ENTIRE AGREEMENT; MODIFICATION, AND WAIVER

This agreement sets forth the entire agreement and understanding between the Parties and may not be changed, altered, modified or amended in any respect without a written instrument to that effect, signed by the Parties hereto, or by a court or arbitrator to the extent necessary to be fully enforceable. Failure of a Party to enforce one or more of the provisions of the agreement or exercise any option or other rights hereunder or to require at any time performance of any of the obligations hereof shall not be construed to be a waiver of such provisions by such Party nor in any way to affect the validity of the agreement or such Party's right thereafter to enforce each and every provision of this agreement, nor to preclude such Party from taking any other action at any time which it would legally be entitled to take.

## 13. LEGAL RIGHTS

HR 108a - January 2016



The agreement can be enforced by the Employee, the Employer and by Employer's subsidiaries, affiliates, successors and assigns.

## 14. COMPLIANCE WITH THE LAW

It is not the intention of **BOLLORE LOGISITCS** to prevent employee from applying the general knowledge and skill he/she may have acquired while employed by **BOLLORE LOGISITCS** which, of course, he/she may exercise freely. Protection of the company's secrets and confidential information is the primary concern. As a business organization also processing confidential data and secrets, the cooperation of the employee will be requested and appreciated.

## 15. COMMUNICATIONS

All notices, requests, demands and other communications under this agreement shall be in writing and (unless otherwise specifically provided for herein) shall be deemed to have been given at the time when mailed, by registered or certified mail, postage prepaid, or when telexed or cabled (with confirmation by such mail), addressed to the respective parties hereto at the following address or such changed address as such parties may have fixed by notice:

To the **employee** at his/her home address in the records of the company, last given to the company by the **employee**, or to:



To:     **BOLLORE LOGISITCS**  at:

150-10 132nd Avenue, Jamaica, NY  11434

provided, however, that any notice of change of address shall be effective only upon receipt.

**IN WITNESS THEREOF**, the Parties hereto have executed this agreement the day and year first written above.

BOLLORE LOGISITCS

**Employer Representative:** _____
                            Signature

**Employer Representative:** _Alain Castillo / Dist Manager_
                            Print Name / Title

**Employee:** _____
              Signature

-4-